UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| AHMED ISMAIL, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   2:22-cv-00150-JAW |
| | ) |
| PHILLIP ROBINSON, et al., | ) |
| | ) |
| Defendants | ) |

**ORDER ON OBJECTION TO SCHEDULING ORDER
AND MOTION TO STAY**

Defendant Robinson objects to the scheduling order and asks the Court to stay further proceedings in this matter pending the conclusion of a related criminal matter. (Objection and Motion, ECF No. 12.) Neither Plaintiff nor Defendant Wrigley filed a response to the motion. After consideration of the relevant issues, the Court grants the motion to stay.

**BACKGROUND**

Plaintiff alleges that on May 20, 2021, Defendant Wrigley, an officer with the Westbrook Police Department, unlawfully stopped the vehicle in which Plaintiff was a passenger. (Complaint, ECF No. 5-2.) He also asserts that on the same date, Defendant Robinson, an agent with the Maine Drug Enforcement Agency, arrested him and conducted an illegal search of his person.

On May 21, 2021, the State charged Plaintiff with unlawful trafficking of scheduled drugs, unlawful possession of scheduled drugs, and falsifying physical evidence. The State

also asserted a criminal forfeiture count.  In the criminal case, Plaintiff has moved to suppress evidence challenging the legality of the stop and search on May 20, 2021.

## DISCUSSION

The doctrine of *Younger* abstention[1] generally "preclude[s] federal intrusion into ongoing state criminal prosecutions." *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013).  The abstention factors consist of the following: "(1) the [state] proceedings are judicial (as opposed to legislative) in nature; (2) they implicate important state interests; and (3) they provide an adequate opportunity to raise federal constitutional challenges." *Bettencourt v. Bd. of Registration in Med. of Commonwealth of Mass.*, 904 F.2d 772, 777 (1st Cir. 1990).

Plaintiff seeks damages based on the alleged illegality of the search underlying his state prosecution, and the state court has evidently been asked to decide the very same issue. The prosecution implicates important interests associated with the State's administration of its laws, and the state court system clearly affords Petitioner an adequate opportunity to raise federal constitutional challenges. Abstention, therefore, is presumptively appropriate.

Because Plaintiff presents a claim for damages rather than injunctive relief, and because the state criminal proceedings do not offer an opportunity to obtain that form of relief, the appropriate procedure in these circumstances is to stay the federal case until the state proceedings are resolved.

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

> If a plaintiff files a . . . claim related to rulings that will likely be made in a pending or anticipated criminal trial . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.  If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Wallace v. Kato*, 549 U.S. 384, 393–94 (2007) (internal citations omitted) (referring to *Heck v. Humphrey*, 512 U.S. 477 (1994)); *see also*, *Kyricopoulos v. Town of Orleans*, 967 F.2d 14, 16 n.1 (1st Cir. 1992) ("As for § 1983 damages actions, it is appropriate to stay the federal action pending the conclusion of the state criminal proceedings").

To the extent that abstention and a stay under *Younger v. Harris* are not required in this case, Defendant contends that a stay is warranted to prevent potentially conflicting results, to preserve the parties' ability to proceed with discovery in the civil action without the risk of compromising the parties' rights in the criminal matter, and to promote judicial economy.

"[F]ederal courts possess the inherent power to stay proceedings for prudential reasons," including the pendency of parallel proceedings. *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004).  As the First Circuit has noted, "a district court's discretionary power to stay civil proceedings in deference to parallel criminal proceedings should be invoked when the interests of justice counsel in favor of such a course." *Id*. Whether the existence of a parallel proceeding warrants the stay of a proceeding requires consideration of various interests and is a case-specific inquiry. *Id.* at 78.

The primary factors a court should consider are: "(1) the interests of the civil plaintiff in proceeding expeditiously with the civil litigation, including the avoidance of any prejudice to the plaintiff should a delay transpire; (2) the hardship to the defendant, including the burden placed upon [the defendant] should the cases go forward in tandem; (3) the convenience of both the civil and criminal courts; (4) the interests of third parties; and (5) the public interest." *Id*. Another factor a court should consider, which has been described as "[t]he most important factor," is "the degree to which the civil issues overlap with the criminal issues." J. Milton Pollack, *Parallel Civil & Criminal Proceedings*, 129 F.R.D. 201, 203 (1989).

As reflected by Plaintiff's motion to suppress in the criminal case, the issues in the civil and criminal matters overlap significantly. In addition, given that Plaintiff did not respond to the motion, Plaintiff's interest in "proceeding expeditiously" with the case is not a reason to deny the request for a stay. Furthermore, the parallel civil and criminal proceedings could present some hardship for Defendant and Plaintiff without a stay. Defendant's ability to obtain information through discovery would be impacted should Plaintiff assert his Fifth Amendment rights. Furthermore, Plaintiff should not have to decide whether he should potentially compromise his defense of the criminal charges to prosecute his civil claims.

A stay would also not unreasonably inconvenience this Court's management of the civil matter. In fact, some discovery and scheduling issues would likely be avoided if the civil matter is stayed until completion of the criminal matter. The public interest in assuring that the criminal matter, which involves serious charges, proceeds to a conclusion without

4

any delay that might be generated by issues related to Plaintiff's civil claim also weighs in favor of a stay.

Finally, the interests of judicial economy favor a stay of this matter. The Supreme Court has expressed a desire to avoid conflicting results arising from the same circumstances. *See Heck v. Humphrey*, 512 U.S. 477 (1994). Simultaneous proceedings would present a risk of conflicting results. In addition, the result in the criminal matter will likely inform the extent to which Plaintiff can pursue his claims in this action. *Id.* at 486–87. ("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus").

## CONCLUSION

After consideration of all the relevant factors, the Court concludes a stay is warranted. The Court, therefore, grants Defendants' motion to stay. The matter is stayed until further order of the Court. Defendants shall file a status report regarding the state court criminal matter on or about December 1, 2022.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 1st day of August, 2022.