UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| AHMED ISMAIL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:22-cv-00150-JAW |
| | ) |
| PHILIP ROBINSON, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION FOR RELIEF FROM JUDGMENT**

After having his case dismissed at the summary judgment stage and judgment having been entered against him, a plaintiff moves for relief from judgment on the ground that the driver of the vehicle in which he was a passenger did not violate state traffic laws, and thus there was no reasonable suspicion for her to have been subjected to a traffic stop on the day of the events giving rise to his case, and for him to have been subsequently searched. The court concludes his motion for relief from judgment is legally and factually unavailing under Federal Rule of Civil Procedure 60(b) and dismisses his motion.

**I.    BACKGROUND**

On December 22, 2021, Ahmed Ismail filed a civil action in the Cumberland County Superior Court in the state of Maine against Maine Drug Enforcement Agency Special Agent Philip Robinson[1] (S/A Robinson) and Westbrook, Maine Police

---

[1] In his complaint, Mr. Ismail spelled S/A Robinson's name as "Phillip" with two Ls.  *State Ct. Record*, Attach. 2, *Compl.* (ECF No. 5). However, S/A Robinson spelled his first name as "Philip," with one L, in his answer. *Answer and Affirmative Defs. of Def. Philip Robinson* (ECF No. 9). Presuming S/A Robinson knows the spelling of his own name, the Court adopts his spelling for the purposes of this order.

Officer Nicholas Wrigley (together, the Defendants). *State Ct. R.*, Attach. 1, *Attested Docket R.* (ECF No. 5). Mr. Ismail alleged the Defendants violated his constitutional rights during a May 2021 traffic stop by stopping the vehicle without reasonable suspicion, forcefully pulling him out of the stopped car, and forcefully removing his pants while he was handcuffed. *State Ct. R.*, Attach. 2., *Compl.*

Officer Wrigley removed the case, with the consent of S/A Robinson, to federal court on May 19, 2022 based on federal question and supplemental jurisdiction. *Notice of Removal* (ECF No. 1). On June 30, 2023, S/A Robinson filed a motion for summary judgment. *Def. Robinson's Mot. for Summ. J.* (ECF No. 36) (*Robinson's Summ J. Mot.*). That same day, Officer Wrigley separately filed his own motion for summary judgment. *Def. Officer Wrigley's Mot. for Summ. J.* (ECF No. 34) (*Wrigley's Summ J. Mot.*). Mr. Ismail did not respond to either Defendant's respective motion for summary judgment, and, on February 26, 2024, the Court granted both summary judgment motions, concluding the evidence did not support Mr. Ismail's allegation that he was illegally strip searched and ordering judgment be entered against Mr. Ismail. *Order on Def. Nicholas Wrigley's Mot. for Summ. J.* (ECF No. 42) (*Wrigley Summ. J. Order*); *Order on Def. Philip Robinson's Mot. for Summ. J.* (ECF No. 43). The Clerk of Court entered judgment against Mr. Ismail on the same day, *J.* (ECF No. 44), and the case was subsequently terminated.

Then, on February 12, 2025, Mr. Ismail moved for relief from judgment, asserting the traffic stop giving rise to his arrest was unlawful because no other traffic was affected by the alleged failure to use the vehicle's traffic signals. *Mot. for*

2

*Relief from J.* (ECF No. 45) (*Pl.'s Mot.*). On March 5, 2025, both Officer Wrigley and S/A Robinson, respectively, responded in opposition to his motion. *Def. Officer Wrigley's Obj. to Pl.'s Mot. for Relief from J. (ECF No. 45)* (ECF No. 46) (*Wrigley's Obj.*); *Def. Philip Robinson's Obj. to Pl.'s Mot. for Relief from J.* (ECF No. 47) (*Robinson's Obj.*).

## II.   THE PARTIES' POSITIONS

### A.   Mr. Ismail's Motion for Relief from Judgment

Mr. Ismail informs the Court that on May 19, 2021, Officer Wrigley observed a silver Ford Focus approach an intersection in Westbrook, Maine, and then, without signaling, make a right-hand turn onto William Clark Drive. *Pl.'s Mot.* at 1. Mr. Ismail says Officer Wrigley pulled over the vehicle because he "believe[d] he had reasonable, articulable suspicion that the operator of the [F]ord [F]ocus had violated 29-A M.R.S. § 2071(2)(B) whic[h] requ[ires] a motorist to signal before turning." *Id.* Mr. Ismail points out "that same statute also says [a] signal is not require[d] if no traffic is affected by movement," and argues "there was 0 traffic so Ford Focus under Maine Law could turn without signaling if no traffic affected." *Id.* He reminds the Court that he "[is] suing for 2 year[s] lost income[,] $50,000 and [$]10,000 money [he] spent during 2 years incarcerated." *Id.*

The Court Clerk construed Mr. Ismail's filing as a motion for relief from judgment. *Id.*

3

## B. Officer Wrigley's Objection

Officer Wrigley objects to Mr. Ismail's motion, arguing that the First Circuit Court of Appeals has held relief from judgment may be granted under Federal Rule of Civil Procedure 60(b) only when a movant succeeds in establishing "at a bare minimum, 'that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted.'" *Wrigley's Obj.* at 1-2 (quoting *Skrabec v. Town of N. Attleboro*, 878 F.3d 5, 9 (1st Cir. 2017) (in turn citing *Dávila-Álvarez v. Escuela de Medicina Universidad Cent. del Caribe*, 257 F.3d 58, 63-64 (1st Cir. 2001); then quoting *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir. 2002) (internal citations omitted)). Officer Wrigley contends Mr. Ismail has "neither alleged nor demonstrated that exceptional circumstances exist that favor extraordinary relief," "has offered no reason for his failure to timely respond to Wrigley's summary judgment motion," and "does not state that his representation about the circumstances of the vehicle turn is grounded on newly discovered evidence." *Id.* at 3.

Insofar as Mr. Ismail presents the circumstances of the vehicle's turn as newly discovered evidence, Officer Wrigley says, his motion "would fail as a matter of law." *Id.* Officer Wrigley directs the Court to *Karak v. Bursaw Oil Corporation*, in which the First Circuit explained that "a party who seeks relief from a judgment based on newly discovered evidence must, at the very least, offer a convincing explanation as

4

to why he could not have proffered the crucial evidence at an earlier stage of the proceedings." 288 F.3d at 19-20. Here, Officer Wrigley maintains, Mr. Ismail has provided no explanation as to why this evidence could not have been proffered at an earlier stage. *Id.*

Even if the judgment against him were to be set aside, Officer Wrigley continues, Mr. Ismail could not mount a meritorious claim because ""*Heck* [*v. Humphrey*, 512 U.S. 477 (1994)] bars Mr. Ismail's challenges to the justification for and duration of the initial stop." *Id.* at 4 (quoting *Wrigley Summ. J. Order* at 16). Officer Wrigley adds that Mr. Ismail brings his motion pursuant to 29-A M.R.S. § 2071(2)(A), which requires the use of turn signals if "traffic may be affected by the turning vehicle," but Mr. Ismail's traffic stop was actually based on Officer Wrigley's belief that the vehicle in question violated 29-A M.R.S. § 2071(2)(B), which states "[a] turn signal *must* be given continuously *during at least the last 100 feet traveled before turning.*" *Id.* (quoting 29-A M.R.S. § 2071(2)(B) (Officer Wrigley's emphasis); citing *Wrigley's Summ J. Mot.* at 9). Officer Wrigley argues the impact on other traffic is not a relevant consideration under § 2071(2)(B), such that Mr. Ismail's argument fails even if accepted as factually accurate. *Id.* at 4-5.

Finally, Officer Wrigley asserts his interest in final resolution of Mr. Ismail's claims against him weighs against granting relief from judgment and concludes that, for these and other reasons, Mr. Ismail's motion should be dismissed. *Id.* at 5.

### C.     S/A Robinson's Objection

In his brief objection, S/A Robinson submits that Mr. Ismail has not satisfied any of the grounds for relief from judgment pursuant to Rule 60(b) and, further, that his motion contains no allegations regarding the conduct of S/A Robinson. *Robinson's Obj.* at 1. S/A Robinson thus urges the Court to conclude its entry of judgment against Mr. Ismail was correct and to dismiss the motion for relief from judgment. *Id.*

## III.    LEGAL STANDARD

Rule 60(b) governs motions for relief from final judgment. FED. R. CIV. P. 60(b). A motion brought pursuant to this rule "normally receives a liberal construction from courts concerned that cases not be decided in default against parties who are inadvertently absent"; however, "the liberal construction is usually reserved for instances where error is due to failure of attorneys or other agents to act on behalf of their clients, not where the client's own internal procedures are at fault." *Greenspun v. Bogan*, 492 F.2d 375, 382 (1st Cir. 1974).

"[R]elief under Rule 60(b) is extraordinary in nature and . . . motions invoking that rule should be granted sparingly." *Rivera-Velazquez v. Hartford Steam Boiler Insp. & Ins. Co.*, 750 F.3d 1, 3 (1st Cir. 2014) (quoting *Karak*, 288 F.3d at 19). The First Circuit has directed lower courts to apply Rule 60(b) "so as to recognize the desirability of deciding disputes on their merits, while also considering the importance of finality as applied to court judgments." *Dávila-Álvarez*, 257 F.3d at 64 (internal quotation marks omitted).

To be granted relief under Rule 60(b), a party must establish, at a minimum, "that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious . . . defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted." *Rivera-Velazquez*, 750 F.3d at 3-4 (quoting *Karak*, 288 F.3d at 19); *accord Tamaki v. Tamaki*, No. 2:23-cv-00312-LEW, 2024 U.S. Dist. LEXIS 139919, at *5-6 (D. Me. Aug. 2, 2024).

Rule 60(b) contains six grounds for relief from judgment; three are relevant to the case at bar. Under Rule 60(b)(1), courts may relieve a party from a final judgment because of "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). "Deciding what constitutes excusable neglect is a case-specific exercise, which requires 'an equitable determination, taking into account the entire facts and circumstances surrounding the party's omission.' The pertinent facts and circumstances typically include such things as 'the danger of prejudice to the non-movant, the length of the delay, the reason for the delay, and whether the movant acted in good faith.'" *Rivera-Velazquez*, 750 F.3d at 4 (quoting *Dávila-Álvarez*, 257 F.3d at 64). Of these factors, "the most important is the reason for the particular oversight." *Id.* (quoting *Nansamba v. N. Shore Med. Ctr., Inc.*, 727 F.3d 33, 39 (1st Cir. 2013)). "Demonstrating excusable neglect is a 'demanding standard'" for the party seeking relief; the trial court "'has wide discretion'" to determine whether the moving party has made the requisite showing. *Santos-Santos v. Torres-Centeno*, 842 F.3d 163, 169 (1st Cir. 2016) (quoting *United States v. $23,000 in U.S. Currency*, 356

F.3d 157, 164 (1st Cir. 2004)). As to timing, a motion must be brought under Rule 60(b)(1) "no more than a year after the entry of the judgment." FED. R. CIV. P. 60(c)(1).

"Rule 60(b)(2) allows the Court to relieve a party from final judgment where there is 'newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) . . ..'" *Gladu v. Correct Care Sols.,* No. 2:15-cv-00384-JAW, 2020 U.S. Dist. LEXIS 5361, at *9 (D. Me. Jan. 13, 2020) (quoting FED. R. CIV. P. 60(b)(2)).

Finally, Rule 60(b)(6) is a catch-all provision, permitting a court to grant relief from judgment for "any other reason that justifies relief." *Gladu*, 2020 U.S. Dist. LEXIS 5361, at *9 (quoting FED. R. CIV. P. 60(b)(6)).

## IV. DISCUSSION

Upon review, the Court concludes Mr. Ismail's motion for relief from judgment is both legally and factually unavailing.

Beginning with its legal deficiencies, Mr. Ismail does not specify under which subsection of Rule 60 he brings his motion for relief from judgment. Nevertheless, in accordance with the First Circuit's directive to construe pro se filings liberally, *see Gakuba v. Frey*, 2024 U.S. App. LEXIS 18703, at *1 (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), the Court determines his assertion that no other traffic was affected by his failure to use a turn signal could plausibly be interpreted as a motion for relief from judgment pursuant to Rule 60(b)(1) for mistake or excusable neglect, Rule 60(b)(2) for newly discovered evidence, or, if intended to be a constitutional challenge for violation of his Fourth Amendment rights, the catch-all provision in

Rule 60(b)(6). FED. R. CIV. P. 60(b). However, even with this liberal construction, none of these statutory bases entitles Mr. Ismail to his requested relief.

With regard to Rule 60(b)(1), Mr. Ismail has presented no evidence that his failure to respond to the motions for summary judgment was based on mistake or excusable neglect; indeed, his motion offers no explanation at all for why he did not submit his argument regarding lack of affected traffic at an earlier stage. The Court thus cannot conclude that Mr. Ismail has met the "demanding standard" required to justify granting a motion for relief from judgment under Rule 60(b)(1). *Santos-Santos*, 842 F.3d at 169.

Turning to Rule 60(b)(2), Mr. Ismail predicates his requested relief on his factual assertion that no other traffic was affected by the lack of turn signal. *Pl.'s Mot.* at 1. However, he offers no argument that evidence in support of his claim is "newly discovered" within the meaning of Rule 60(b)(2). Indeed, as discussed in more detail below, the dashboard camera footage of the entire traffic stop giving rise to this case was submitted as Exhibit A to S/A Robinson's statement of fact in support of his motion for summary judgment on June 30, 2023. *See Statement of Material Facts*, Attach. 3, *Placeholder – Ex. A to Robinson Decl.* (ECF No. 33) (*Traffic Stop Video*). For these reasons, the Court cannot conclude that Mr. Ismail's motion presents "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." FED. R. CIV. P. 60(b)(2).

Finally, the Court sees no reason to conclude relief from judgment is warranted under the catch-all provision of Rule 60(b)(6). Most important here is that Mr. Ismail

has failed to establish that "if the judgment is set aside, he has the right stuff to mount a potentially meritorious . . . defense." *See Rivera-Velazquez*, 750 F.3d at 3-4 (quoting *Karak*, 288 F.3d at 19).

Consistent with the First Circuit's instruction to district courts to review pro se filings liberally, the Court construes Mr. Ismail's statement that the "office[r] pulled over the Ford Focus [because he] believe[d] he had reasonable, articula[bl]e suspicion that the operator of the Ford Focus had violated 29-A M.R.S. § 2071(2)(B)" as intending to assert that, in fact, Officer Wrigley's suspicion was not reasonable because, as he continues to argue, "that same statu[t]e also says signal is not require[d] if no traffic is affected by movement." *Pl.'s Mot.* at 1. Here, he says, "there was 0 traffic so Ford Focus under Maine Law could turn without signaling," such that there was no underlying traffic violation justifying the stop. *Id.*

Mr. Ismail's reference to "reasonable, articulable suspicion" rings of a Fourth Amendment challenge; interpreting it as such, the Court first notes that he is correct "that the Fourth Amendment's protection against unreasonable searches and seizures extends to traffic stops," *United States v. Miles*, 18 F.4th 76, 79 (1st Cir. 2021) (citing *Heien v. North Carolina*, 574 U.S. 54, 60 (2014)), and that "[s]uch a stop requires, at a bare minimum, 'reasonable suspicion'"—that is, "a particularized and objective basis for suspecting the particular person stopped' of breaking the law.'" *Id.* (quoting *Heien*, 574 U.S. at 60) (in turn quoting *Navarette v. California*, 572 U.S. 393, 396 (2014)). In the context of brief investigatory stops, it is settled law in this Circuit that reasonableness "must be judged according to objective criteria; it is not

10

dependent on an individual officer's subjective motives." *United States v. Ruidiaz*, 529 F.3d 25, 29 (1st Cir. 2008); *accord Whren v. United States*, 517 U.S. 806, 813 (1996)).

Here, Mr. Ismail appears to argue that Officer Wrigley lacked "reasonable, articulable suspicion" by intimating that his suspicion was predicated only on his subjective "belie[f] . . . that the operator of the Ford Focus had violated 29-A M.R.S. § 2071(2)(B)," while in truth the vehicle did not violate that law. *Pl.'s Mot.* at 1. While correct in principle that reasonable suspicion in this Circuit "must be judged according to objective criteria," *Ruidiaz*, 529 F.3d at 29, the problem for Mr. Ismail is that simply to assert that Officer Wrigley lacked objectively reasonable suspicion does not make it true. Rather, the Court looks to the facts in the record.

The dashboard camera footage of the traffic stop at issue is on the record. *See Traffic Stop Video*. On the Court's review, this video shows that the Ford Focus arrived at a T-shaped intersection between Central Street and William Clarke Drive. Central Street is the stem of the T and William Clarke Drive the flange or beam of the T. Where the two streets intersect, Central Street ends with a stop sign, while William Clarke Drive has no stop signs such that traffic on William Clarke Drive may proceed unrestricted through the intersection.

The driver of the Ford Focus proceeded on Central Street until the vehicle arrived at the stop sign at the end of Central Street where it meets William Clarke Drive, at which time the Ford Focus took a right-hand turn onto William Clarke Drive. At the very same time the Ford Focus arrived at the intersection and was

11

making its right-hand turn onto William Clark Drive, a separate vehicle was approaching the intersection on William Clark Drive from the Ford Focus's right. *See Traffic Stop Video* at 0:45-50.

Absent a turn signal from the Ford Focus, this other driver could not have known which direction the Ford Focus was going to proceed, left or right, forcing that driver to pay more attention to the Ford Focus and thus distracting that other driver from other potential hazards on the road. For this reason, Mr. Ismail's claim that "there was 0 traffic so Ford Focus under Maine law could turn without signaling if no traffic is affected" does not accurately describe the events. *Pl.'s Mot.* at 1.

Mr. Ismail's argument implicates 29-A M.R.S. § 2071(2), which states:

> **2. Turn signal.** An operator must give a turn signal as follows.
>
> > A. An operator may not turn a vehicle without giving an appropriate signal if other traffic may be affected by that movement.
> >
> > B. A turn signal must be given continuously during at least the last 100 feet traveled before turning.

29-A M.R.S. § 2071(2). Based on the statutory language "may be affected," Maine courts have consistently interpreted state traffic laws to apply unless "there is no other traffic whatsoever."[2] *State v. Seavey*, 564 A.2d 388, 389 (Me. 1989) (interpreting

---

[2] Officer Wrigley argues that Mr. Ismail brings his motion under 29-A M.R.S. § 2071(2)(A), whereas Officer Wrigley stated he initiated the traffic stop pursuant to 29-A M.R.S. § 2071(2)(B). *Wrigley's Obj.* at 4 (citing *Wrigley's Summ. J. Mot.* at 9). He contends that the "if other traffic may be affected by that movement" caveat is only given in 29-A M.R.S. § 2071(2)(A), such that Mr. Ismail's failure to use a traffic signal during the 100 feet before his turn violated the statute regardless of whether there was traffic. *Compare* 29-A M.R.S. § 2071(2)(A) ("An operator may not turn a vehicle without giving an appropriate signal if other traffic may be affected by that movement") *with* 29-A M.R.S. § 2071(2)(B) ("A turn signal must be given continuously during at least the last 100 feet traveled before turning"). Officer Wrigley's statutory interpretation is incongruent, however, with the consistent holdings by Maine and federal courts that "if there is no other traffic whatsoever, a turn signal is not required." *State v. Seavey*, 564 A.2d 388, 389 (Me. 1989); *State v. Giardello*, 2015 Me.

12

identical language from the predecessor statute to 29-A M.R.S. § 2071); *see also State v. Giardello*, 2015 Me. Super. LEXIS 248, at *4-5 (citing *Seavey* and applying its holding to 29-A M.R.S. § 2071); *accord United States v. Mercer*, No. 2:13-cr-176-GZS, 2014 U.S. Dist. LEXIS 73398, at *26-30 (D. Me. May 12, 2014) (holding "unless there is no other traffic, a turn can affect other traffic . . .. The use of the left-hand signal thus imparts useful information to drivers behind and alongside that driver" and collecting cases which reached the same conclusion).

These cases specifically considered arguments that other traffic was not affected because the defendant's vehicle was, respectively, entering the roadway and traveling in the opposite direction, *Seavey*, 564 A.2d at 389, making a turn when the other vehicle was "still 55 feet away," *Mercer*, 2014 U.S. Dist. LEXIS 73398, at *29, or even making a turn from a "turn-only" lane that offered the driver no alternatives. *Giardello*, 2015 Me. Super. LEXIS 248, at *5. In all these cases, the courts rejected the argument and concluded the failure to use turn signals affected other traffic within the meaning of the statute.

The Court concludes this analysis applies with equal force to the present case. Here, the Ford Focus entered the roadway simultaneously to another car passing in the opposite direction. The Court sees no reason to depart from the robust and well-reasoned caselaw concluding that doing so without signaling would affect other drivers and thereby violate the requirements of 29-A M.R.S. § 2071(2)(A). The Court

---

Super. LEXIS 248, at *4 (quoting *Seavey*); *United States v. Mercer*, No. 2:13-cr-176-GZS, 2014 U.S. Dist. LEXIS 73398, at *23 (D. Me. May 12, 2014) (same).

thus determines Mr. Ismail's argument that his traffic stop was not predicated on an objectively reasonable and articulable suspicion of unlawful conduct fails, *see Miles*, 18 F.4th at 79, such that his motion for relief from judgment under Rule 60(b)(6), or any other subsection, on this basis is not warranted.

## V.     CONCLUSION

The Court DISMISSES without prejudice Plaintiff Ahmed Ismail's Motion for Relief from Judgment (ECF No. 45).

SO ORDERED.

                                    /s/ John A. Woodcock, Jr.
                                    JOHN A. WOODCOCK, JR.
                                    UNITED STATES DISTRICT JUDGE

Dated this 10th day of April, 2025